# Exhibit F

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

Case No.    2022-CA-1047

Division:    CV-F

CHARLES STOVALL WEEMS, IV and KERRI WEEMS, individuals,

    Plaintiffs,

v.

CELEBRATION CHURCH OF JACKSONVILLE, INC., a Florida nonprofit corporation, *et al.*,

    Defendants.

## CELEBRATION CHURCH OF JACKSONVILLE INC., KEVIN CORMIER, MARCUS ROWE, ANGELA CANNON, AND JACOB WILLIAM'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION

Defendants Celebration Church of Jacksonville, Inc. ("Celebration"), Kevin Cormier, Marcus Rowe, Angela Cannon, and Jacob William (collectively, the "Trustees"), pursuant to Rule 1.140, Florida Rules of Civil Procedure, move to dismiss the Third Amended Complaint filed by plaintiffs Charles S. Weems, IV ("Stovall Weems") and Kerri Weems. The Third Amended Complaint is fatally defective and should be dismissed because this Court lacks subject-matter jurisdiction over claims involving matters of ecclesiastical government and church discipline under the First and Fourteenth Amendments to the United States Constitution.

Defendant Lee Wedekind moved to dismiss the Third Amended Complaint. Mr. Wedekind's motion summarizes his arguments as follows:

No secular court may intrude upon a church's autonomous management of its internal affairs. *Flynn v. Estevez*, 221 So. 3d 1241, 1246 (Fla. 1st DCA 2017). Indeed, this Court dismissed the Second Amended Complaint of Plaintiffs Charles Stovall Weems, IV, and Kerri Weems (together, the "Pastors") because their claims would have "require[d] th[e] Court to impermissibly examine the inner workings of Celebration Church, including the [C]hurch's internal financial policies and bylaws, as well as the duties and actions of Pastor Weems." *Weems v. Celebration Church of Jacksonville, Inc.*, No. 2022-CA-1047, slip op. at 8 (Fla. Cir. Ct. Duval Cty. Sept. 28, 2022) ("Dismissal Order").

The Court must dismiss the Pastors' Third Amended Complaint for the same reason. Although the Pastors now omit many of the Second Amended Complaint's allegations concerning the parties' struggle for control of Celebration Church of Jacksonville, Inc. (the "Church"), there is no way to separate the statements on which the Pastors sue from the context in which Defendants made those statements: a report detailing the Church-led investigation of the Pastors' misconduct and a letter to "Celebration Church Family and Staff" explaining why the Church's board of trustees had suspended the Pastors from their positions within the Church and then accepted their resignations. *See, e.g.*, *Springhill Missionary Baptist Church, Inc. v. Mobley*, 251 So. 3d 281, 283 (Fla. 1st DCA 2018) (amended complaint "omitted references to heresy and described the church's actions in more general terms"; letter in which allegedly defamatory statements were made established court would need to "intrude into church doctrine in violation of the ecclesiastical abstention doctrine"); *see also Smith v. Cuban Am. Nat'l Found.*, 731 So. 2d 702, 705 (Fla. 3d DCA 1999) ("To determine whether a statement is defamatory, it must be considered in the context of the publication."); *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st DCA 1981) (citation omitted) ("[D]etermining whether an allegedly defamatory statement constitutes an actionable statement of fact requires that the court examine the statement in its totality and the context in which it was uttered or published. . . . [T]he court must consider all of the circumstances surrounding the statement, including the medium by which the statement is disseminated and the audience to which it is published.").

Any judicial inquiry into the investigation report and the board's accompanying explanation of both its actions and the

2

> Pastors' departure would therefore require the same impermissible examinations of the Church's "inner workings" and the Pastors' "duties and actions" that compelled the Court to dismiss the Pastors' Second Amended Complaint. Consistent with its prior order, the Court should dismiss the Third Amended Complaint for lack of subject-matter jurisdiction—this time, with prejudice.

Motion to Dismiss, pp. 1-2. Because the arguments in Mr. Wedekind's motion to dismiss also apply to Celebration and the Trustees, those arguments are hereby adopted by Celebration and the Trustees and are incorporated by reference as if fully set forth in this motion.

WHEREFORE, for the foregoing reasons, and those set forth in Mr. Wedekind's motion to dismiss, defendants Celebration Church of Jacksonville, Inc., Kevin Cormier, Marcus Rowe, Angela Cannon, and Jacob William respectfully request that the Court dismiss the Third Amended Complaint with prejudice.

NELSON MULLINS RILEY &
SCARBOROUGH LLP


By:   _/s/ Lee D. Wedekind, III_

Lee D. Wedekind, III
Florida Bar Number 670588
50 N. Laura Street, Suite 4100
Jacksonville, FL 32202
(904) 665-3652 (direct)
(904) 665-3699 (fax)
lee.wedekind@nelsonmullins.com
allison.abbott@nelsonmullins.com

Kristin M. Ahr
Florida Bar Number 63290
360 S. Rosemary Avenue, Suite 1410
West Palm Beach, FL 33401
(561) 366-8765 (direct)
(561) 655-1109 (fax)
kristin.ahr@nelsonmullins.com

3

brooke.werner@nelsonmullins.com

Attorneys for Celebration Church of Jacksonville, Inc., Kevin Cormier, Marcus Rowe, Angela Cannon, and Jacob William

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 17, 2022, a copy of the foregoing was served by email on the below addresses by filing through the Florida Courts' E-Filing Portal:

Shane B. Vogt, Esq.
Kenneth G. Turkel, Esq.
David A. Hayes, Esq.
Turkel Cuva Barrios, P.A.
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
svogt@tcb-law.com
kturkel@tcb-law.com
dhayes@tcb-law.com
*Attorneys for Plaintiffs*

David M. Wells, Esq.
Timothy J. McGinn, Esq.
Gunster, Yoakley & Stewart, P.A.
One Independent Drive, Suite 2300
Jacksonville, FL 32202
dwells@gunster.com
tmcginn@gunster.com
dculmer@gunster.com
pholness@gunster.com
eservice@gunster.com
*Attorneys for Lee D. Wedekind, III*

                                 /s/ Lee D. Wedekind, III
                                     Attorney