UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES S. WEEMS, IV, an individual, KERRI WEEMS, an individual, and CELEBRATION GLOBAL, INC., a Florida not for profit corporation, HONEY LAKE FARMS, INC., a Florida not for profit corporation, NORTHSTREAM MANAGEMENT GROUP, LLC, a Florida limited liability company, and WEEMS GROUP, LLC, a Florida limited liability company,

      Plaintiffs,

v.

ASSOCIATION OF RELATED CHURCHES, a Texas not-for-profit corporation, CHRIS HODGES, individually, DINO RIZZO, individually, and JOHN SEIBELING, individually,

      Defendants.
_____/

Case: 3:23-cv-00811-MMH-LLL

**UNIFORM CASE MANAGEMENT REPORT**

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 9/5/2023 Shane Vogt, Esq. (counsel for Plaintiffs), Edward McCarthy, III, Esq. and Samuel Horovitz, Esq. (counsel for Defendant Siebeling), Michael Lockamy, Esq. (counsel for Defendant Rizzo), Bryan Balogh, Esq. (counsel for Defendant Hodges), and Sarah Hulsberg, Esq. (counsel for Defendant Association of Related Churches) attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 10/2/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 1/15/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).     Plaintiff | 6/3/2024 |
| Defendant | 8/1/2024 |
| Rebuttal | 9/2/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 10/1/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 11/1/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Terry White, Esq.<br>Upchurch Watson White and Max<br>1400 Hand Avenue, Suite D<br>Ormond Beach, FL 32174<br>800-264-2622 | 12/31/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 2/28/2025 |

2

| | |
|---|---|
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 3/10/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 3/17/2025 |
| Month and year of the trial term. | 4/1/2025 |

The trial will last approximately 8-10 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

   PLAINTIFFS, A CHURCH PASTOR, HIS WIFE, AND SEVERAL OF THEIR COMPANIES, CLAIM THAT DEFENDANTS TORTIOUSLY INTERFERED WITH AND CONSPIRED TO TORTIOUSLY INTERFERE WITH PLAINTIFFS' ADVANTAGEOUS CONTRACTUAL AND BUSINESS RELATIONSHIPS. DEFENDANTS DENY THAT THEY INTERFERED IN ANY OF PLAINTIFFS' RELATIONSHIPS OR CONSPIRED TO DO SO.

4. **Disclosure Statement**

   ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

    ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

    ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

    > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

    ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

        ☐ Yes.
        ☒ No; instead, the parties agree to these changes: The parties agree to extend the time to provide initial Rule 26(a) disclosures to October 1, 2023.

B. Discovery may be needed on these subjects: The facts upon which the parties' claims and defenses are based and all related issues raised in the pleadings; the relationships and communications between the Parties and those with whom Plaintiffs claim Defendants interfered; and Plaintiffs' alleged damages.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes; The parties agree to the exchange and service, of all documents, pleadings, and discovery via electronic mail or document sharing link/system to the addresses listed by the parties in the Court's CM/ECF system.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

11. **Certification of familiarity with the Local Rules**

    ☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. **Signatures**

    Respectfully Submitted this 5th day of September, 2023.

TURKEL CUVA BARRIOS, P.A.

/s/ *Shane B. Vogt*
Shane B. Vogt
Florida Bar No. 257620
E-mail: svogt@tcb-law.com
David A. Hayes
Florida Bar No. 096657
E-mail: dhayes@tcb-law.com
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 834-9191
Fax: (813) 443-2193
Attorneys for Plaintiffs


MURPHY & ANDERSON, P.A.

/s/ *Sarah Jeck Hulsberg*
Niels P. Murphy
Florida Bar No. 0065552
Sarah Jeck Hulsberg
Florida Bar No. 0106027
1501 San Marco Blvd
Jacksonville, Florida 32207
904-598-9282 (Telephone)
nmurphy@murphyandersonlaw.com
shulsberg@murphyandersonlaw.com
Attorneys for Defendant Association of Related Churches

BURR & FORMAN LLP

/s/ *Bryan O. Balogh*
Bryan O. Balogh (*pro hac vice*)
420 North 20th Street, Suite 3400
Birmingham, AL 35203
205-251-3000 (Telephone)
205-452-5100 (Facsimile)
bryan.balogh@burr.com
M. Scott Thomas
Florida Bar No. 0994898
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
904-232-7200 (Telephone)
904-232-7201 (Facsimile)
msthomas@burr.com
Attorneys for Defendant Chris Hodges

| | |
|---|---|
| BEDELL, DITTMAR, DeVAULT, PILLANS & COXE, P.A. | ROGERS TOWERS, P.A. |
| /s/ *Michael E. Lockamy* | /s/ *Samuel J. Horovitz* |
| Henry M. Coxe III | Edward McCarthy, III |
| Florida Bar No. 0155193 | Florida Bar No.: 0866873 |
| O. David Barksdale | Samuel J. Horovitz |
| Florida Bar No. 0957331 | Florida Bar No.: 059015 |
| Michael E. Lockamy | 1301 Riverplace Blvd., Suite 1500 |
| Florida Bar No. 69626 | Jacksonville, Florida 32207 |
| The Bedell Building | 904-398-3911 (Telephone) |
| 101 East Adams Street | 904-396-0663 (Facsimile) |
| Jacksonville, Florida 32202 | emccarthy@rtlaw.com |
| 904-353-0211 (Telephone) | shorovitz@rtlaw.com |
| 904-353-9307 (Facsimile) | Attorneys for Defendant John Siebeling |
| hmc@bedellfirm.com | |
| odb@bedellfirm.com | |
| mel@bedellfirm.com | |
| Attorneys for Defendant Dino Rizzo | |