## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHARLES S. WEEMS, IV, an
individual, KERRI WEEMS, an
individual, and CELEBRATION
GLOBAL, INC., a Florida not for
profit corporation, HONEY LAKE
FARMS, INC., a Florida not for profit
corporation, NORTHSTREAM
MANAGEMENT GROUP, LLC, a
Florida limited liability company, and
WEEMS GROUP, LLC, a Florida
limited liability company,

       Plaintiffs,

v.

ASSOCIATION OF RELATED
CHURCHES, a Texas not-for-profit
corporation, CHRIS HODGES,
individually, DINO RIZZO,
individually, and JOHN SEIBELING,
individually,

       Defendants.

Case: 3:23-cv-00811-MMH-LLL

_____/

### DEFENDANTS' MOTION TO STAY DISCOVERY AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Local Rule 3.01, Defendants Association of Related Churches, Chris Hodges, Dino Rizzo, and John Siebeling (collectively "Defendants") move to stay discovery, including initial disclosures, in this action pending a ruling on Defendants' Motion to Dismiss for Lack of Jurisdiction or, Alternatively, Motion for More Definite Statement and Supporting Memorandum of Law (Doc. 28; "Motion to Dismiss"). In support, Defendants state as follows:

## I.    INTRODUCTION AND BACKGROUND

This lawsuit concerns a church, its founding pastors, their ministries, and their misdeeds. The Weems allege that they had an "anti-growth, missionary focused vision" for Celebration Church. Compl. ¶ 38. According to the Weems, Defendants favored "unbridled church growth." *Id*. ¶ 2. This disagreement over the Church's ministry, the Weems say, led Defendants to concoct "a plan to oust Pastor Weems from his leadership position" at Celebration Church. *Id*. ¶ 93 The lawsuit will require a determination about the propriety of the Weems' ministerial vision, their pastoral leadership, and, ultimately, the direction of Celebration Church.

Civil courts lack jurisdiction to decide these quintessential religious issues under both the United States and Florida Constitutions and the doctrine of ecclesiastical abstention entrenched therein. *E.g.*, *Crowder v. S. Baptist Convention*, 828 F.2d 718, 718, 721 (11th Cir. 1987); *see also Rutland v. Nelson*, 857 F. App'x 627, 628 (11th Cir. 2021); *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 719 F. App'x 926, 928 (11th Cir. 2018); *Napolitano v. St. Joseph Cath. Church*, 308 So. 3d 274, 275, 277 (Fla. 5th DCA 2020). Defendants have filed a motion to dismiss raising this threshold jurisdictional issue. *See* Motion to Dismiss at 13-21. Plaintiffs should not be allowed to subject Defendants to the burdensome and costly discovery process until the Court is satisfied that it has jurisdiction to resolve this dispute.

In addition, Plaintiffs have violated Rules 8(a) and 10(b) by filing an impermissible shotgun complaint. *See id.* at 21-24. As pleaded, it is impossible for the Defendants to know who is alleged to have done what. Defendants have thus alternatively moved for a more definite statement, *see id.*, and only an amended complaint—not the current complaint—can establish the bounds of discovery.

Given these unresolved threshold issues, Defendants move for a brief stay of discovery pending a ruling on their Motion to Dismiss. Such relief will not prejudice Plaintiffs but will relieve Defendants and the Court of the undue burden of discovery associated with a shotgun complaint over which this Court lacks jurisdiction.

## II.    <u>APPLICABLE LAW</u>

This Court has "'broad discretion in managing pretrial discovery matters.'" *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (quotation omitted). Attendant to such power, the Eleventh Circuit has "'emphasize[d] the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice.'" *Id.* (quotation omitted). Ordering "a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Id.*; *see also Fernandez v. Freedom Health, Inc.*, No. 8:18-CV-1959-MSS-JSS, 2021 WL 2954309, at *2 (M.D. Fla. Mar. 25, 2021) ("[A] court has broad discretion to stay discovery pending the decision on a dispositive motion.").

"To determine whether a stay is appropriate, a court must 'balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Morris v. Lincare Inc.*, No. 8:22-CV-2048-CEH-AAS, 2023 WL 3092625, at *1 (M.D. Fla. Apr. 26, 2023) (quotation omitted); *see also Anderson v. Bullard*, No. 8:18-CV-901-T-35AAS, 2018 WL 5920476, at *1 (M.D. Fla. Nov. 13, 2018); *NCC Bus. Servs., Inc. v. Lemberg & Assocs., LLC*, No. 3:13-CV-795-J-99MMH, 2013 WL 5428737, at *1 (M.D. Fla. Sept. 26, 2013). "In making this determination it may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *NCC Bus. Servs.*, 2013 WL 5428737, at *1.

The Court need not fully resolve a potentially dispositive motion before staying discovery. *See Morris*, 2023 WL 3092625, at *1; *Anderson*, 2018 WL 5920476, at *1. Rather, a defendant's "nonfrivolous challenge" that might result in dismissal justifies a stay. *See Morris*, 2023 WL 3092625, at *1 ("The defendants' motion to dismiss presents a nonfrivolous challenge to the plaintiff's claims, the resolution of which may also affect the court's jurisdiction over this matter. Although such a stay will delay the plaintiff's efforts to obtain discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines . . . the plaintiff lacks standing to bring this action."); *Anderson*, 2018 WL 5920476, at *1 (staying discovery where a "motion to dismiss present[ed] a nonfrivolous challenge to the court's personal jurisdiction"); *see also Said v. United States Dep't of Just.*, No. 8:21-CV-1073-WFJ-CPT, 2022 WL 18492694, at *2 (M.D.

Fla. Oct. 19, 2022) (staying discovery where "a 'preliminary peek'" revealed that a motion to dismiss presented "a potentially meritorious" defense); *George & Co. LLC v. Cardinal Indus., Inc.*, No. 2:18-CV-154-FTM-38MRM, 2019 WL 1468514, at *2 (M.D. Fla. Feb. 19, 2019) (staying discovery where a pending motion to dismiss raised "potentially meritorious challenges" to jurisdiction). "As long as delaying discovery does not cause Plaintiff[s] 'any significant harm,' then a stay of discovery is appropriate." *George & Co.*, 2019 WL 1468514, at *1.

Where, as here, a motion to dismiss presents facial challenges to claims,[1] such motions should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (stating that facial challenges to claims should be resolved before discovery begins "because every claim has the potential to enlarge the scope and cost of discovery"). Facial motions to dismiss present "no issues of fact because the allegations contained in the pleading are presumed to be true[,]" meaning "neither the parties nor the court have any need for discovery before the court rules on the motion." *Chudasama*, 123 F.3d at 1367.

As such, staying discovery pending a potentially meritorious facial motion to dismiss is appropriate and, in balancing the interests, causes little, if any, harm to plaintiffs, particularly when weighed against the substantial risks to defendants and

---

[1] Motions to dismiss for lack of subject matter jurisdiction can be facial or factual. Defendants' is facial. *See* Motion to Dismiss at 6 n.2. The challenge to Plaintiffs' impermissible shotgun pleading is also facial. *See id.* at 21-24; *see also Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 772 (11th Cir. 2020).

courts of costly and needless discovery. *E.g.*, *Ave Maria Univ. v. Sebelius*, No. 2:12-CV-88-FTM-99SPC, 2012 WL 13059434, at *2 (M.D. Fla. Nov. 28, 2012) ("There is a significant possibility that the Court will grant Defendants' Motion to Dismiss for lack of subject-matter jurisdiction, eliminating the need for discovery in this case. It is also evident that delaying discovery until the Court rules on whether it has jurisdiction will cause Plaintiff little, if any, harm."); *see also Morris*, 2023 WL 3092625, at *1; *Anderson*, 2018 WL 5920476, at *1.

## III.   <u>DISCUSSION</u>

Defendants' Motion to Dismiss presents a facial challenge to this Court's jurisdiction. Resolution of the Motion to Dismiss, which assumes the truth of Plaintiffs' allegations for purposes of the motion, thus depends on purely legal questions and does not require discovery. A stay is particularly warranted here as Defendants have raised a potentially meritorious challenge to this Court's jurisdiction to preside over this action at all. *E.g.*, *Ave Maria*, 2012 WL 13059434, at *2 (holding possibility of challenge to court's subject-matter jurisdiction "eliminating the need for discovery in this case" outweighed the minimal if any harm in "delaying discovery until the Court rules on whether it has jurisdiction"); *see also Morris*, 2023 WL 3092625, at *1 (holding any harm in delaying discovery "is minimal when compared to the benefits of saved time, money, and resources in the event the court determines" a "nonfrivolous challenge" that might "affect the court's jurisdiction over this matter" was meritorious); *Anderson*, 2018 WL 5920476, at *1.

A preliminary peek at the Motion to Dismiss confirms that Defendants' challenge to this Court's subject-matter jurisdiction is "nonfrivolous" and "potentially meritorious." *See Morris*, 2023 WL 3092625, at *1; *Said*, 2022 WL 18492694, at *2; *George & Co.*, 2019 WL 1468514, at *2; *Anderson*, 2018 WL 5920476, at *1. Thus, the balance of interests strongly favors a stay. *See Ave Maria*, 2012 WL 13059434, at *2; *see also Morris*, 2023 WL 3092625, at *1; *Anderson*, 2018 WL 5920476, at *1.

But the Court need not take Defendants' word for it. The Court has the benefit of being able to review the thorough Order and analysis of another judge. Judge Aho has already held that the ecclesiastical abstention doctrine barred similar claims the Weems brought in state court. *See* Exhibit C to Motion to Dismiss; *see also* Motion to Dismiss at 12-13.[2] That further justifies a stay. *E.g.*, *Ave Maria*, 2012 WL 13059434, at *2 (granting stay of discovery and noting "[t]he Court is also aware that other courts have found a lack of subject-matter jurisdiction in similar cases against the Defendants.").

Plaintiffs' filing of a shotgun complaint further justifies a stay of discovery. *See* Motion to Dismiss at 21-24. Plaintiffs' complaint (i) is a multicount complaint in which the second count incorporates the entirety of the first; (ii) is replete with vague, conclusory, and immaterial allegations; (iii) comingles claims; and (iv) lumps

---

[2] The Court may take judicial notice of the state-court Order. *See Sporea v. Regions Bank, N.A.*, No. 20-11812, 2021 WL 2935365, at *2 (11th Cir. July 13, 2021); *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 n.4 (11th Cir. 2015); Fed. R. Evid. 201.

together parties in undifferentiated allegations. *See id.*; *see generally* Complaint; *see also Moore v. Jasper City Bd. of Educ.*, No. 22-13943, 2023 WL 3719151, at *2 (11th Cir. May 30, 2023); *Mathis v. City of Lakeland*, No. 22-12426, 2023 WL 2568814, at *4 (11th Cir. Mar. 20, 2023); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). Such a facial defect should be resolved before and without need for discovery. *See Sarhan*, 800 F. App'x at 772.

The pleadings frame discovery. *See* Fed. R. Civ. P. 26(b). "But the common characteristic of all shotgun pleadings is that 'they fail[,] to one degree or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Powell ex rel. G.B.J.H. v. Brown*, No. 6:17-CV-528-ORL37GJK, 2017 WL 7370982, at *1 (M.D. Fla. July 25, 2017) (quotation omitted); *see also Prawl v. City of Clearwater*, No. 8:18-CV-431-T-AEP, 2018 WL 11229894, at *2 (M.D. Fla. June 19, 2018). As a result, one of the main vices of shotgun pleadings is that they inevitably render discovery unmanageable—precisely a reason why the Eleventh Circuit requires such pleadings to be remedied at the outset *before* discovery spirals out of control. *E.g., Jackson*, 898 F.3d at 1356 ("This Court has filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices" including that they "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources.") (quotation omitted); *see also Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("Besides violating the rules, shotgun pleadings also

'waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'").

If Plaintiffs' potential shotgun pleading is not fixed before discovery commences, then the resulting discovery will inevitably be "unnecessary and unchanneled" and "inexorably broaden[ed,]" wasting the parties' resources. *See Barmapov*, 986 F.3d at 1324; *Jackson*, 898 F.3d at 1356.

Defendants seek a stay only until the Court rules on the Motion to Dismiss and decides whether it has jurisdiction. If the Court determines it has jurisdiction, Plaintiffs will have plenty of time to pursue their claims. The lawsuit remains in its infancy. But if jurisdiction is lacking, all discovery will have been needless, subjecting Defendants to undue burden and expense. *See Morris*, 2023 WL 3092625, at *1; *Anderson*, 2018 WL 5920476, at *1; *see also NCC Bus. Servs.*, 2013 WL 5428737, at *2 ("The purpose of a stay is to permit the Court to potentially resolve a matter without the need for discovery, which can spare the court and the litigants the myriad costs of discovery."); *Staup v. Wachovia Bank, N.A.*, No. 08-60359-CIV, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) ("[T]he Court finds that Defendant should not be required to comply with the initial disclosure requirements of Fed.R.Civ.P. 26(a), and discovery should not commence, until after the Court has issued a ruling on Defendant's Motion to Dismiss, because discovery is not needed for the resolution of this Motion and requiring discovery would impose an

undue burden on the Defendant.").[3] Under these circumstances, the balance of interests strongly favors a stay of discovery.

## IV.    <u>CONCLUSION</u>

Defendants respectfully request that the Court stay discovery pending a ruling on their Motion to Dismiss.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Defendants has conferred by telephone and by videoconference with counsel for Plaintiffs in good faith regarding the subject matter of this Motion. Plaintiffs oppose the requested relief.

---

[3] Further justifying a stay, Defendants not only raise potentially meritorious challenges to subject-matter jurisdiction, but they do so based on entrenched Constitutional protections. And "the First Amendment may be violated not only by judicial decisions, but by the very inquiry that results in a court's findings and conclusions of law." *Napolitano*, 308 So. 3d at 279 (citing *N.L.R.B. v. Cath. Bishop of Chicago*, 440 U.S. 490, 502, 99 S. Ct. 1313, 1319 (1979)).

Respectfully Submitted this 5th day of September, 2023.

MURPHY & ANDERSON, P.A.

s/Sarah Jeck Hulsberg
Niels P. Murphy
Florida Bar No. 0065552
Sarah Jeck Hulsberg
Florida Bar No. 0106027
1501 San Marco Blvd
Jacksonville, Florida 32207
904-598-9282 (Telephone)
nmurphy@murphyandersonlaw.com
shulsberg@murphyandersonlaw.com
Attorneys for Defendant Association of
Related Churches

BURR & FORMAN LLP

s/Bryan O. Balogh
Bryan O. Balogh (*pro hac vice*)
420 North 20th Street, Suite 3400
Birmingham, AL 35203
205-251-3000 (Telephone)
205-452-5100 (Facsimile)
bryan.balogh@burr.com
M. Scott Thomas
Florida Bar No. 0994898
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
904-232-7200 (Telephone)
904-232-7201 (Facsimile)
msthomas@burr.com
Attorneys for Defendant Chris Hodges

BEDELL, DITTMAR, DeVAULT,
PILLANS & COXE, P.A.

s/Michael E. Lockamy
Henry M. Coxe III
Florida Bar No. 0155193
O. David Barksdale
Florida Bar No. 0957331
Michael E. Lockamy
Florida Bar No. 69626
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
904-353-0211 (Telephone)
904-353-9307 (Facsimile)
hmc@bedellfirm.com
odb@bedellfirm.com
mel@bedellfirm.com
Attorneys for Defendant Dino Rizzo

ROGERS TOWERS, P.A.

s/Samuel J. Horovitz
Edward McCarthy, III
Florida Bar No.: 0866873
Samuel J. Horovitz
Florida Bar No.: 059015
1301 Riverplace Blvd., Suite 1500
Jacksonville, Florida 32207
904-398-3911 (Telephone)
904-396-0663 (Facsimile)
emccarthy@rtlaw.com
shorovitz@rtlaw.com
Attorneys for Defendant John Siebeling