UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CHARLES S. WEEMS, IV, an individual, KERRI WEEMS, an individual, and CELEBRATION GLOBAL, INC., a Florida not for profit corporation, HONEY LAKE FARMS, INC., a Florida not for profit corporation, NORTHSTREAM MANAGEMENT GROUP, LLC, a Florida limited liability company, and WEEMS GROUP, LLC, a Florida limited liability company, | Case No.: 3:23-cv-00811-MMH-LLL |
| Plaintiffs, | |
| v. | |
| ASSOCIATION OF RELATED CHURCHES, a Texas not-for-profit corporation, CHRIS HODGES, individually, DINO RIZZO, individually, and JOHN SEIBELING, individually, | |
| Defendants. _____/ | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
<u>MOTION TO STAY DISCOVERY</u>**

Plaintiffs, Charles S. Weems, IV, Kerry Weems, Celebration Global, Inc., Honey Lake Farms, Inc., Northstream Management Group, LLC and Weems Group, LLC (collectively, "Plaintiffs") by counsel and pursuant to Local Rule 3.01, respond to the Joint Motion to Stay Discovery [Doc. 32] filed by Defendants and state as follows:

This Court is familiar with the standards governing motions to stay discovery and will obviously take a "preliminary peek" at Defendants' Motion to Dismiss [Doc. 28] and Plaintiffs' Response in Opposition[1] thereto [Doc. 35] to decide whether to grant Defendants' Motion. *Jolly v. Hoegh Autoliners Shipping AS*, 2021 WL 1822758 (M.D. Fla. Apr. 5, 2021). Plaintiffs believe that based on the arguments raised by the parties concerning the motion to dismiss, Defendants' Motion seeking to stay discovery should be denied. Moreover, Defendants' Motion fails to make the showing required to obtain this extraordinary relief, including "not only prejudice and undue burden, but also necessity and reasonableness of a stay" and that "[u]nless there is 'an immediate and clear possibility' that a motion to dismiss will be granted, a motion to stay discovery should be denied." *Id.*; see also *Eternal Strategies, LLC v. Clickbooth Holdings, Inc.*, 2017 WL 7311849, *2 (M.D. Fla. Sep. 20, 2017)). Here, Defendants have not made the requisite showing to satisfy their "high standard;" and certainly have not demonstrated prejudice, undue burden, and necessity through record evidence. *Cates v. Zeltiq Aesthetics, Inc.*, 2020 WL 13413675, *1 (M.D. Fla. Apr. 20, 2017) ("Unsupported factual assertions in a motion, no matter how detailed, are insufficient to show good cause for a protective order"); *Harleysville-Atlantic Insurance Company v. CB Contractors, LLC*, 2017 WL 8948387, *2 (M.D. Fla. Jun. 29, 2017) (citing *Ekokotu v. Fed. Exp. Corp.*, 408 Fed.Appx 331 336 (11th Cir. 2011)).

---

[1] Plaintiffs' Response in Opposition to the Motion to Dismiss addresses all of the arguments raised in the Motion to Stay concerning the sufficiency of Plaintiffs' Complaint and implications of the related state court litigation, including its lack of relevance to the issues pending before this Court.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay Discovery and grant such other and further relief it deems just and appropriate.

Dated: September 25, 2023.

/s/ *Shane B. Vogt*
Shane B. Vogt – FBN 257620
LEAD COUNSEL
E-mail: svogt@tcb-law.com
David A. Hayes - FBN 096657
E-mail: dhayes@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 834-9191
Fax: (813) 443-2193
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2023, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ *Shane B. Vogt*
Attorney