# Exhibit B

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NOS.: 16-2023-CA-740

DIVISION: CV-F

CELEBRATION CHURCH OF JACKSONVILLE, INC.,

    Plaintiff,

v.

CHARLES STOVALL WEEMS, IV and KERRI WEEMS,

    Defendants.
_____

CHARLES STOVALL WEEMS, IV, KERRI WEEMS, and CELEBRATION GLOBAL, INC.

    Counter-Plaintiffs,

v.

CELEBRATION CHURCH OF JACKSONVILLE, INC., TIM TIMBERLAKE, WAYLAN WISEMAN, LISA STEWART, KEVIN CORMIER, MARCUS ROWE, ANGELA CANNON, JACOB WILLIAM, and LEE WEDEKIND, III,

    Counter-Defendants.
_____/

[INTENTIONALLY LEFT BLANK]

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

This matter comes before this Court on "Motion of Counter-Defendant Lee Wedekind, III, to Dismiss for Lack of Subject-Matter Jurisdiction," filed on March 28, 2023, and "Counter-Defendants Celebration, Timberlake, Wiseman, Stewart, Cormier, Rowe, Cannon, and William's Motion to Dismiss Counterclaim for Lack of Subject-Matter Jurisdiction," filed on March 31, 2023. On July 27, 2023, the Pastors filed their response in opposition to the above-captioned motions to dismiss counterclaims. On August 3, 2023, this Court held a hearing on these motions.

*Overview of the Shellcracker Parsonage Dispute*

The Pastors and the Church executed contracts[1] providing for the Pastors' possession and use of the real property at 16073 Shellcracker Road, Jacksonville, Florida (the "Shellcracker Parsonage") as well as certain up-front and deferred compensation.

Years later, the Church, through its trustees, commissioned a report investigating the Pastors' possible misconduct. While that investigation was on-going, Pastor Stoval Weems resigned. The Church then published the commissioned report on its website, finding that Pastor Stovall Weems had breached his fiduciary duties to the Church through fraud and self-dealing and that the Pastors failed generally to fulfill the biblical standards for church leadership. In a related lawsuit, Case No.: 16-2022-CA-1047 (the "Defamation Litigation"), the Pastors sued the Church and some individual Counter-Defendants for the defamatory publication of the report.

The present suit, however, centers around the Pastors' continuing possession of the Shellcracker Parsonage and entitlement to compensation after their split from the Church.

---

[1] These contracts are attached as Exhibits A and B to the Pastor-Defendants' "Amended Answer and Affirmative Defense, Counterclaim and Demand for Jury Trial," filed on January 19, 2023.

*Procedural Background of the Shellcracker Parsonage Litigation*

On June 1, 2022, the Church filed a complaint against the Pastors, asserting causes of action for (i) eviction/ejectment from the Shellcracker Parsonage, and (ii) damages for unpaid rent, beginning on the date of the Pastors' resignation.[2] On January 19, 2023, the Pastors filed an amended answer and asserted the follow counterclaims against the Church Counter-Defendants:

- (1) Declaratory Relief as to Possessory Rights to the Shellcracker Parsonage (Church)
- (2) Breach of Contract (Church)
- (3) Breach of Implied Contract (Church)
- (4) Promissory Estoppel (Church)
- (5) Breach of Fiduciary Duty (T. Timberlake)
- (6) Breach of Fiduciary Duty (W. Wiseman)
- (7) Breach of Fiduciary Duty (L. Stewart)
- (8) Breach of Fiduciary Duty (Trustees – K. Cormier, M. Rowe, A. Cannon, & J. William)
- (9) Tortious Interference (All Individual Defendants)
- (10) Tortious Interference Conspiracy (All Individual Defendants)
- (11) Unpaid Compensation (Church)

In March 2023, the Church Counter-Defendants filed their motions to dismiss, claiming the ecclesiastical abstention doctrine prohibits this Court from exercising subject matter jurisdiction over the Pastors' counterclaims.

*The Ecclesiastical Abstention Doctrine*

The ecclesiastical abstention doctrine is rooted in the free exercise and establishment clauses of the Constitution and provides a categorical institutional barrier against secular courts officiating religious controversies. *See Napolitano v. St. Joseph Catholic Church*, 308 So. 3d 274, 277 (Fla. 5th DCA 2020). This jurisdictional bar adheres to disputes over church polity and administration. *Id.* at 278. "[T]he doctrine precludes secular courts from exercising jurisdiction over ecclesiastical disputes, those about 'discipline, faith, internal organization, or ecclesiastical

---

[2] The Pastors are not seeking to dismiss the Church's ejectment and unpaid rent claims based on the ecclesiastical abstention doctrine. The pastors had originally asserted the ecclesiastical abstention doctrine as an affirmative defense and basis for dismissal, but it was later withdrawn.

3

rule, custom, or law,' as distinguished from 'purely secular disputes between third parties and a particular defendant, albeit a religiously affiliated organization.'" *Id.* (quoting *Malichi v. Doe*, 814 So. 2d 347, 357 (Fla. 2002)). A court has jurisdiction to decide secular disputes involving a religious entity using neutral legal principles only if "'no issue of doctrinal controversy is involved.'" *Napolitano*, 308 So. 3d at 278 (quoting *Jones v. Wolf*, 443 U.S. 595, 605 (1979)).

### *Application of the Ecclesiastical Abstention Doctrine to the Shellcracker Litigation*

Claims Five through Ten for breach of fiduciary duty and tortious interference are premised on the underlying power struggle between the Pastors and the Church board. Adjudication of these claims would require this Court to recognize the existence and extent of corresponding fiduciary duties amongst antagonistic church officials and decide whether the Church Counter-Defendants' actions constitute a good faith effort to maintain the biblical integrity of the Church or tortious interference with the contractual rights of the Pastors. This Court cannot make these types of decisions: "no state authority has the power to interfere in matters of ecclesiastical government." *Napolitano*, 308 So. 3d at 278–79 (citing *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2060 (2020)). Accordingly, these tort claims should be dismissed for lack of subject matter jurisdiction because their adjudication would require this Court to inappropriately referee an internal power struggle between the Pastors and the Church board.

This dismissal should be with prejudice. These claims are merely a nominal repackaging of the claims already dismissed with prejudice in the Defamation Litigation. Therefore, the Pastors should not be given an opportunity to amend. *See Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1090 (Fla. 3d DCA 2014).

Claims One through Four and Eleven relating to parsonage and compensation contracts, however, can be resolved entirely on neutral principles of secular law. The same is true for the

4

Church's initial claims for eviction and back rent. The ecclesiastical abstention doctrine does not deprive this Court over jurisdiction over these claims because they can be resolved using secular principles of contractual interpretation without ensnaring this Court in thorny questions of theology and church governance.

Accordingly, it is **ORDERED** that:

1. The "Motion of Counter-Defendant Lee Wedekind, III, to Dismiss for Lack of Subject-Matter Jurisdiction," filed on March 28, 2023, and "Counter-Defendants Celebration, Timberlake, Wiseman, Stewart, Cormier, Rowe, Cannon, and William's Motion to Dismiss Counterclaim for Lack of Subject-Matter Jurisdiction," filed on March 31, 2023, are **GRANTED IN PART** and **DENIED IN PART**.

2. Claims Five through Ten of the Pastors' "Amended Answer & Affirmative Defenses, Counterclaim & Demand for Jury Trial," filed on January 19, 2023, are **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Jacksonville, Duval County, Florida on October 6, 2023.

_____
**MARIANNE L. AHO**
**Circuit Judge**

Copies furnished to all counsel of record.

/tbc

5