**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHARLES S. WEEMS, IV, et al.,

    Plaintiffs,

v.                                          Case No.   3:23-cv-811-MMH-LLL

ASSOCIATION OF RELATED
CHURCHES, et al.,

    Defendants.

_____

**O R D E R**

    **THIS CAUSE** is before the Court on Defendants' Motion to Stay Discovery and Supporting Memorandum of Law (Doc. 32; Motion to Stay), filed on September 5, 2023. In the Motion to Stay, Defendants ask the Court to stay discovery, including initial disclosures, pending a ruling on Defendants' Motion to Dismiss for Lack of Jurisdiction or, Alternatively, Motion for More Definite Statement and Supporting Memorandum of Law (Doc. 28; Motion to Dismiss). Plaintiffs filed a response in opposition to the Motion to Stay on September 25, 2023. See Plaintiffs' Response in Opposition to Defendants' Motion to Stay Discovery (Doc. 36; Response). Accordingly, this matter is ripe for review.

It is well established that district courts have broad, inherent authority to manage their dockets, including the power to stay discovery. See Aatrix Software, Inc. v. Green Shades Software, Inc., No. 3:15-cv-164-HES-MCR, 2015 WL 12835689, at *1 (M.D. Fla. Sept. 10, 2015); Lewis v. Abbott Labs., Inc., No. 6:19-cv-909-Orl-31LRH, 2019 WL 5448289, at *2 (M.D. Fla. Aug. 2, 2019);[1] see also Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). However, stays of discovery "are generally disfavored 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" See Aatrix Software, Inc., 2015 WL 12835689, at *1 (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); see also Middle District Discovery (2021) at Section I.E.4. Nevertheless, "[c]ourts must manage pretrial discovery to avoid wasting resources, and '[g]ranting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility.'" See Race v. Bradford

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

Cnty., Fla., No. 3:18-CV-153-J-39PDB, 2019 WL 1755808, at *2 (M.D. Fla. Apr. 19, 2019) (quoting Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 931 (11th Cir. 2017)[2]).

Upon review of the record, the Court notes that Defendants have raised a non-frivolous challenge to this Court's subject matter jurisdiction. As such, and having weighed the competing interests, the Court finds that a stay of discovery pending resolution of the Motion to Dismiss is warranted under the particular circumstances of this case.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Stay Discovery and Supporting Memorandum of Law (Doc. 32) is **GRANTED**.

2. Discovery is **STAYED**.

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3. The parties shall file a Joint Uniform Case Management Report within **TWENTY-ONE (21) DAYS** of this Court's ruling on Defendants' Motion to Dismiss (Doc. 28).

**DONE AND ORDERED** in Jacksonville, Florida this 3rd day of November, 2023.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record